DANIEL BLACK v. ORE KNOB COPPER COMPANY.

*Pleading—Appeal—Insolvent Corporation—Stockholders.*

In an action against an insolvent corporation for the appointment of a receiver, a creditor made himself a party for the purpose of prosecuting his claim and, the Court adjudged that the stockholders, on account of an alleged nonpayment of their subscription, were liable for the debt of such creditor, and ordered the receiver to institute actions against such stockholders to recover an amount sufficient to pay such debt: *Held*, that an appeal by the corporation from such order will not be entertained, and the question of the liability of the stockholders will not be determined on such appeal, but can only be determined in the actions which it is the duty of the receiver, under the order of Court, to bring.

ACTION heard by *Allen, J.,* at Fall Term, 1894, of ASHE Superior Court, upon exceptions to a referee's report. (See 109 N. C., 385.)

The·following facts were found by the referee:

"1. That all the assets that came into the hands of the receivers have been applied to the payment of certain judgments, under order of Court.

"2. That the capital stock of the defendant corporation at its organization was $1,500,000, and that the same was divided into 150,000 shares, of the par value of $10 each, and that said capital stock was issued to the corporation as full paid up stock, as allowed by its charter.

"3. That the said capital stock was never paid in cash, but was issued to the corporators in proportion to their several interests in certain real estate owned by them in Ashe County, known as the 'Ore Knob Property,' consisting of a tract of land, on which was a mine of copper, and certain machinery used for mining, and that said capital stock was based upon said property.

"4. That certain debts were created by the corporation, and all the property belonging to it was sold to satisfy judg-

ments rendered upon such indebtedness, and the proceeds of such sale, amounting to $7,300, has been applied to its indebtedness, under order of the Court.

" 5. That the indebtedness of the corporation consisted of a judgment in favor of J. E. Clayton and Herman Williams for about $30,000, and in favor of the plaintiff Black for $100, with interest from September 1, 1882.

" 6. Of the aforesaid capital stock, I find that Herman Williams owned $27,750, and J. E. Clayton $28,660. I further find they were both corporators.

" 7. From the evidence offered, I find that the property of the defendant was not worth $1,500,000 at the time of its organization, or afterwards, and that the difference between its real value and the amount at which the property was capitalized or estimated at its organization was greatly in excess of the indebtedness of the corporation now subsisting. I further find that the value of the property of defendant corporation at the time of its organization in February, 1881, and at any time afterwards, did not exceed $750,000.

" Wherefore, I conclude that, as the capital stock of the defendant was neither paid in cash nor in property worth the amount of such stock, that the corporators are individually liable for the amount of the indebtedness of said corporation to Daniel Black, and that it is the duty of plaintiff receivers to collect a sufficient amount from the stockholders or corporators individually to discharge the indebtedness to said Black. *Marshall Foundry Co.* v. *Killian,* 99 N. C. Reports, page 501. The opinion of the Supreme Court in this case. Murphrey on Foreign Corporations, § 389.

" Respectfully submitted,

" R. A. DOUGHTON, *Referee.*"


Defendant excepts to the report filed—

" 1. For that the commissioner failed to find the fact as to what the Ore Knob property, on which the stock was issued, was worth at the time of its organization.

" 2. For that he failed to find when the corporation defendant was organized.

" 3. For that he failed to find the fact when, how and under what circumstances the property so greatly depreciated.

" 4. For that his seventh finding of facts is meagre and unintelligible.

" 5. For that his conclusions of law are erroneous."

The judgment was as follows:

" This cause coming on to be heard upon the pleadings, evidence, exhibits, the reports of Referee Doughton, exceptions thereto filed by defendant, and all the exceptions being overruled, and the referee having amended his report showing the value of the property: It is, therefore, considered and adjudged by the Court that James E. Clayton and Herman Williams, receivers, collect and pay into the Clerk's office of this Court a sum sufficient to discharge the plaintiff's judgment, and all costs incurred in this Court, and all costs of the appeals to the Supreme Court, and also including the allowances heretofore made by the Court to R. A. Doughton, referee, and one-half of $50 allowed said referee for his two last reports in this cause; and that it be paid into the office within ninety days from this date, September 29, 1894.

" That a copy of this judgment be sent by mail to the receivers, James E. Clayton and Herman Williams, at Baltimore, Md., by the Clerk of this Court."

*J. W. Hinsdale* and *A. P. Massey*, for plaintiff.
*J. W. Todd* and *Strong & Strong*, for defendant (appellant.)

BURWELL, J.: Upon the argument before us all the defendant's exceptions were abandoned except the last one, and that is intended to raise a question that should not be considered and determined upon this appeal, which is taken and is prosecuted by the defendant corporation alone. It has no

assets, it seems, out of which what it owes the plaintiff may be paid, unless it be, as the referee has found, that some amounts are legally due to it from its stockholders, or some of them, for stock issued but not fully paid for. The order appealed from merely directs the receiver to collect enough of these unpaid subscriptions to satisfy the plaintiff's judgment against the appellant corporation. The liability of the stockholders to the corporation on account of these alleged unpaid subscriptions should not be prejudged. It is the duty of the receiver to obey the order and endeavor by suits, if necessary, to enforce their alleged liability. If their individual interests are antagonistic to their duty as officers of the Court, they may be removed and others put in their place who will endeavor to perform it. In actions thus brought, it will be properly determined whether or not the stockholders, or any of them, are indebted to the corporation, as the referee has found, and his conclusions of law can then be reviewed, the parties really concerned in their correctness being before the Court.            Appeal Dismissed.